GEORGE E. SEREDNESKY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Serednesky v. Commissioner
Docket No. 19320-92
United States Tax Court
T.C. Memo 1993-566; 1993 Tax Ct. Memo LEXIS 578; 66 T.C.M. (CCH) 1459; November 30, 1993, Filed *578 Decision will be entered for respondent. For petitioner: Susan Jane Winters. For respondent: Stephen J. Neubeck. GUSSIS
GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined deficiencies in petitioner's Federal income tax for 1987 in the amount of $ 853 and for 1988 in the amount of $ 1,110. Petitioner concedes a Schedule E rent expense of $ 300 for taxable year 1988. The issue remaining for decision is whether petitioner is entitled to deduct as alimony certain payments made to provide housing for his former spouse during taxable years 1987 and 1988. Some of the facts have been stipulated, and they are so found. The stipulation of facts and the accompanying exhibits are incorporated by this reference. At the time the petition herein was filed petitioner resided in Westerville, Ohio. George E. Serednesky (hereinafter petitioner) and Jody E. Serednesky were divorced by Agreed Judgment Entry *579 dated November 21, 1986 (the November judgment). After providing for child support and alimony in prior paragraphs, paragraph 7 of the November judgment provided that in lieu of additional child support and alimony, petitioner was to provide his former spouse's housing, gas, electric, and water. Paragraph 7 stated that the agreement was based on petitioner's intention to buy a duplex with his former spouse residing in one-half of said duplex. The duplex building was never purchased. Instead, petitioner's solely owned corporation, Social Psychological Services, Inc. (SPSI), purchased a single-family residence (the Bluebird Court property) in which petitioner's former spouse and his children resided during 1987 and 1988. Petitioner paid rent to SPSI on behalf of his former spouse in taxable years 1987 and 1988, in the amounts of $ 6,000 and $ 7,200, respectively. Petitioner deducted the rent payments as alimony in 1987 and 1988, pursuant to section 215. Respondent determined that the rent payments were not alimony as defined in section 71 and therefore were not deductible under section 215. Petitioner bears the burden of proving that respondent's determinations are erroneous. *580 Rule 142(a). Section 215(a) allows a taxpayer to deduct an amount equal to the alimony or separate maintenance payments made by the taxpayer during his or her taxable year. Section 215(b) provides that for purposes of section 215 the term "alimony or separate maintenance payment" means any alimony or separate maintenance payment (as defined in section 71(b)) includable in the gross income of the recipient under section 71. Section 71(a) provides that gross income includes amounts received as alimony or separate maintenance payments. Section 71(b) provides: (b) Alimony or Separate Maintenance Payments Defined. -- For purposes of this section -- (1) In General. -- The term "alimony or separate maintenance payment" means any payment in cash if -- (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument, (B) the divorce or separation instrument does not designate such payment as a payment which is not includable in gross income under this section and not allowable as a deduction under section 215, (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee *581 spouse and the payor spouse are not members of the same household at the time such payment is made, and (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.
The regulations provide that, assuming all other requirements are satisfied, a payment of cash by the payor spouse to a third party under the terms of a divorce or separation instrument will qualify as a payment of cash which is received "on behalf of a spouse." Sec. 1.71-1T(b), Q&A-6, Temporary Income Tax Regs., 49 Fed. Reg. 34455 (Aug. 31, 1984). Generally, we resolve questions as to whether payments are "alimony" or something other than alimony based on all the facts and circumstances of the particular case, including the terms of the spouses' agreement or divorce decree. However, we are not bound by the labels used in the spouses' written agreements or divorce decrees. Jacklin v. Commissioner, 79 T.C. 340, 351-352 (1982). Paragraph 7 of the November judgment provides in *582 pertinent part: In lieu of additional child support and alimony, the Defendant will provide Plaintiff's housing and gas, electric and water. This agreement is based upon the Defendant's intention to buy a duplex with the Plaintiff residing in one-half thereof. * * * The provisions of paragraph 7 are non-modifiable except in the event the living arrangement is deemed by a court to be unworkable through no fault of the Plaintiff and, if so, payment of additional alimony to compensate for this change shall be intended.
Respondent argues in essence that the rent payments are not deductible as alimony under paragraph 7 of the November judgment and that no subsequent written instrument provides for the deduction of rental payments as alimony. Petitioner argues that he and his former spouse orally modified paragraph 7 of the November judgment by agreeing that his former spouse would move into the Bluebird Court property instead of the duplex referred to in paragraph 7, and that such oral modification is memorialized in writing as the Agreed Judgment Entry dated December 31, 1986 (the December judgment). According to petitioner, under the terms of the December judgment and paragraph *583 7 of the November judgment, the cost of providing the Bluebird Court property for his former spouse's use should be construed as "additional alimony" includable in her income and deductible by him under section 215. The record does not support petitioner's argument. The December judgment merely provides that petitioner is to ensure that the Bluebird Court property is ready for occupancy by his former spouse in accordance with and pursuant to paragraph 7 of the November judgment. Paragraph 7 of the November judgment is unambiguous in that it makes clear that petitioner's obligation to provide his former spouse with housing is in lieu of additional alimony. Paragraph 7 states that the agreement was based on petitioner's intention to buy a duplex with his former spouse residing in one-half of the duplex. Under such a agreement, the spouse's use of the duplex would not constitute alimony. Sec. 1.71-1T, Q&A-6, Temporary Income Tax Regs., 49 Fed. Reg. 34455 (Aug. 31, 1984). Nothing in the record suggests that the December judgment did anything more than substitute the Bluebird Court property for the duplex mentioned in paragraph 7 of the November judgment. *584 Other than that, we are not convinced that the December judgment was intended to alter the terms of the alimony provisions of the November judgment. Furthermore, petitioner's former spouse testified that while she agreed to move into the Bluebird Court property, she had no idea that SPSI held title to the property or that petitioner was paying rent to SPSI on her behalf and categorizing the rent payments as alimony. Her testimony was credible. Accordingly, based upon the facts and circumstances presented, we are unable to find that the rent payments made by petitioner to SPSI for the Bluebird Court property were made pursuant to the terms of a written divorce instrument within the meaning of the statute. Consequently, the rent payments are not alimony as defined in section 71(b) and are therefore not deductible under section 215. In so concluding, we have given full consideration to the cases cited by the parties. Respondent is sustained. Decision will be entered for respondent.